■ SANDRA J. REQUA, Plaintiff, v APPLE INC., Respondent, and BOSTON PROPERTIES, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [975 NYS2d 31]—

Order, Supreme Court, New York County (Cynthia S. Kern, J.), entered April 2, 2013, which granted defendant Apple Inc.'s motion for summary judgment dismissing the complaint as against it, and denied as moot defendants-appellants' (collectively, Boston Properties) cross motion for certain discovery from Apple, unanimously affirmed, without costs.

The record demonstrates that Apple owed no duty of care to plaintiff for the defective condition in the plaza outside the entrance to its Fifth Avenue store. The lease agreement between Apple, as tenant, and Boston Properties, as landlord, provided that Boston Properties would "at its expense maintain the plaza in good condition and repair." Thus, it is Boston Properties that owed a duty to pedestrians such as plaintiff to safeguard them from any defective conditions in the plaza. Apple's right under the lease to review certain aspects of the plaza

design does not raise an issue of fact whether it created the condition that allegedly caused plaintiff's accident. The lease did not give Apple veto power over Boston Properties' use of the plaza.

We have considered Boston Properties' remaining arguments and find them unavailing. Concur—Gonzalez, P.J., Friedman, Sweeny, Moskowitz and Clark, JJ. **[Prior Case History: 2013 NY Slip Op 30626(U).]**